UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH B. REINWAND,

    Petitioner,

v.                                              Case No. 19-C-1282

SUSAN NOVAK,

    Respondent.

**SCREENING ORDER**

On September 3, 2019, Petitioner Joseph B. Reinwand, who is currently incarcerated at Columbia Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Portage County Circuit Court of first degree murder and sentenced to mandatory life imprisonment consecutive to any other sentencing.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In 1984, Reinwand's wife died in her home of a single gunshot wound to the head. Her death was originally ruled a suicide, but the investigation was reopened, and in 2014, Reinwand was

charged with first-degree murder for her death. Before the trial, the State filed a notice of intent to introduce into evidence, through the testimony of five witnesses, out-of-court statements made by Dale Meister, who had been in a romantic relationship with Reinwand's daughter. Meister was unable to testify because he had been fatally shot in March 2008. Reinwand was convicted of first-degree intentional homicide for Meister's death in 2014. The State intended to introduce the following out of court statements:

> (a) statements by Meister that Reinwand had threatened Meister and told Meister that he could kill Meister and get away with it just as he had done with [his wife] many years earlier, (b) statements by Meister that Reinwand had told Meister that he had killed in the past and gotten away with it and could do so again with Meister, (c) statements by Meister that Meister was scared of Reinwand and told witnesses that he expected to wind up dead and that Reinwand would stage it to look like a suicide, (d) statements by Meister that Meister said if he wound up dead, it would not be a suicide, and (e) statements by Meister that Reinwand was upset that Mesiter was checking into whether [his wife's] death in May of 1984 was truly a suicide.

*See State v. Reinwand*, No. 2017AP163-CR, ¶ 3, *available at* https://wscca.wicourts.gov/ (alterations omitted). The trial court concluded that the out-of-court statements were not testimonial and therefore not barred by the Confrontation Clause.

Reinwand asserts that he should be granted a new trial because the trial court violated the Confrontation Clause by allowing the admission of testimony as to Meister's out-of-court statements. From the face of the petition, the court cannot conclude that this claim lacks merit. Accordingly, Reinwand will be allowed to proceed on this claim.

**IT IS THEREFORE ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of

an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this  13th  day of September, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court